**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANTOINETTE QUANDER-CLEMONS | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No.: 06-227(PLF) |
| DISTRICT OF COLUMBIA, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Defendant District of Columbia ("Defendant"), by and through undersigned counsel, hereby answers the Complaint ("Complaint") in the above-captioned matter.  The Defendant asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

**First Defense**

The complaint fails to state a claim upon which relief may be granted.

**Second Defense**

The District states the following in response to the individually numbered paragraphs in the Complaint:

**COMPLAINT**

The introductory paragraph of the Complaint is a preliminary statement and includes legal conclusions to which no response is required.  However, to the extent a response is required, the Defendant denies the allegations contained in this introductory paragraph of the Complaint.

**JURISDICTION**

1.        The allegations asserted in paragraph one of the Complaint are statements of the pleader

and represent the legal conclusions to which no response is required.  To the extent that paragraph

one does contain factual allegations, the District denies said allegations and demands strict proof

thereof at trial.

## VENUE

2.        The allegations asserted in paragraph two of the Complaint are statements of the pleader

and represent the legal conclusions to which no response is required.

## STATEMENT OF FACTS

3.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph three of the Complaint.

4.        The District admits that plaintiff Antoinette Quander-Clemons was the Secretary for the

Associate Director of Finance and Administration for the Department of Mental Health.

5.        The District admits the allegations contained in paragraph five of the Complaint.

6.        The District admits the allegations contained in paragraph six of the Complaint.

7.        The District admits the allegations contained in paragraph seven of the Complaint.

8.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph eight of the Complaint.

9.        The District admits that Dr. Edward Kushner and Dr. Abrams entered Plaintiff's office on

June 28, 2005.  The District is without sufficient information or knowledge to either admit or deny

the remaining allegations contained in paragraph nine of the Complaint.

10.       The District admits the allegations contained in paragraph ten of the Complaint.

11.        The District is without sufficient information or knowledge to either admit or deny the

remaining allegations contained in paragraph eleven of the Complaint.

12.        The District admits the Dr. Kushner stated, "if he does not get paid, there was going to be

a lynching."  The District denies the remaining allegations contained in paragraph twelve of the

Complaint.

13.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph thirteen of the Complaint.

14.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph fourteen of the Complaint.

15.        The District admits the allegations contained in paragraph fifteen of the Complaint.

16.        The District admits the allegations contained in paragraph sixteen of the Complaint.

17.        The District admits the allegations contained in paragraph seventeen of the Complaint.

18.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph eighteen of the Complaint.

19.        The allegations asserted in paragraph nineteen of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph nineteen does contains factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

20.        The allegations asserted in paragraph twenty of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph twenty does contains factual allegations, the District denies said allegations allegations

and demands strict proof thereof at trial.

21.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph twenty-one of the Complaint.

22.        The District admits the allegations contained in paragraph twenty-two of the Complaint.

23.        The District denies the allegations contained in paragraph twenty-three of the Complaint.

24.        The District denies the allegations contained in paragraph twenty-four of the Complaint.

25.        The District denies the allegations contained in paragraph twenty-five of the Complaint.

26.        The District denies the allegations contained in paragraph twenty-six of the Complaint.

27.        The District is without sufficient information or knowledge to either admit or deny the

factual allegations contained in paragraph twenty-seven of the Complaint.

28.        The District is without sufficient information or knowledge to either admit or deny the

factual allegations contained in paragraph twenty-eight of the Complaint.

29.        The District is without sufficient information or knowledge to either admit or deny the

factual allegations contained in paragraph twenty-nine of the Complaint.

30.        The District is without sufficient information or knowledge to either admit or deny the

factual allegations contained in paragraph thirty of the Complaint.

31.        The allegations asserted in paragraph thirty-one of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph thirty-one does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

32.        The allegations asserted in paragraph thirty-two of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph thirty-two does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

33.        The District is without sufficient information or knowledge to either admit or deny the

factual allegations contained in paragraph thirty-three of the Complaint.

34.        The District denies the allegations contained in paragraph thirty-four of the Complaint.

35.        The District denies the allegations contained in paragraph thirty-five of the Complaint.

36.        The District denies the allegations contained in paragraph thirty-six of the Complaint.

37.        The District denies the allegations contained in paragraph thirty-seven of the Complaint.

38.        The District denies the allegations contained in paragraph thirty-eight of the Complaint.

39.        The District admits the allegations contained in paragraph eighty-nine of the Complaint.

40.        The allegations asserted in paragraph forty of the Complaint are statements of the pleader

and represent the legal conclusions to which no response is required.  To the extent that paragraph

forty does contain factual allegations, the District denies said allegations.

41.        The allegations asserted in paragraph forty-one of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph forty-one does contain factual allegations, the District denies said allegations.

42.        The District admits that Plaintiff entered Tolliver's office.  The District is without sufficient

information or knowledge to either admit or deny the remaining allegations contained in paragraph

forty-two of the Complaint.

43.        The District admits the allegations contained in asserted in paragraph forty-three of the

Complaint.

44.        The District admits the allegations contained in paragraph forty-four of the Complaint.

45.        The District denies the allegations contained in paragraph forty-five of the Complaint.

46.        The District admits that Austin stated, "what did you say?" The District is without

sufficient information or knowledge to either admit or deny the remaining allegations contained in

paragraph forty-six of the Complaint.

47.        The District admits the allegations contained in paragraph forty-seven of the Complaint.

48.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph forty-eight of the Complaint.

49.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph forty-nine of the Complaint.

50.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph fifty of the Complaint.

51.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph fifty-one of the Complaint.

52.        The District admits that Plaintiff approached Tolliver and discussed the statement he

made. The District is without sufficient information or knowledge to either admit or deny the

remaining allegations contained in paragraph fifty-two of the Complaint.

53.        The District admits the allegations contained in paragraph fifty-three of the Complaint.

54.        The District denies the allegations contained in paragraph fifty-four of the Complaint.

55.        The District denies the allegations contained in paragraph fifty-five of the Complaint.

56.        The District denies the allegations contained in paragraph fifty-six of the Complaint.

57.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph fifty-seven of the Complaint.

58.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph fifty-eight of the Complaint.

59.        The District denies the allegations contained in paragraph fifty-nine of the Complaint.

60.        The District denies the allegations contained in paragraph sixty of the Complaint.

61.        The District denies the allegations contained in paragraph sixty-one of the Complaint.

62.        The District denies the allegations contained in paragraph sixty-two of the Complaint.

63.        The District is without sufficient information or knowledge to either admit or deny the

allegations contained in paragraph sixty-three of the Complaint.

64.        The allegations asserted in paragraph sixty-four of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph sixty-four does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

65.        The District denies the allegations contained in paragraph sixty-five of the Complaint.

66.        The District denies the allegations contained in paragraph sixty-six of the Complaint.

67.        The District admits that Tolliver left Plaintiff a voice mail message.  The District is without

sufficient information or knowledge to either admit or deny the remaining allegations contained in

paragraph sixty-seven of the Complaint.

68.        The District admits the allegations contained in paragraph sixty-eight of the Complaint.

69.    The District admits that Tolliver replied in sum that he was going to fire his secretary.  The

District is without sufficient information or knowledge to either admit or deny the remaining

allegations contained in paragraph sixty-nine of the Complaint.

70.    The allegations asserted in paragraph seventy of the Complaint are legal conclusions to

which no response is required.  To the extent that paragraph seventy does contain factual

allegations, the District denies said allegations and demands strict proof thereof at trial.

71.    The allegations asserted in paragraph seventy-one of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph seventy-one does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

72.    The allegations asserted in paragraph seventy-two of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph seventy-two does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

73.    The allegations asserted in paragraph seventy-three of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph seventy-three does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

## COUNT I

74.    The Defendant incorporates by reference its responses to paragraphs one to seventy-

three of the Complaint.

75.        The allegations asserted in paragraph seventy-five of the Complaint are statements of the pleader and represent the legal conclusions to which no response is required. To the extent that paragraph seventy-five does contain factual allegations, the District denies said allegations and demands strict proof thereof at trial.

76.        The allegations asserted in paragraph seventy-six of the Complaint are statements of the pleader and represent the legal conclusions to which no response is required. To the extent that paragraph seventy-six does contain factual allegations, the District denies said allegations and demands strict proof thereof at trial.

77.        The allegations asserted in paragraph seventy-seven of the Complaint are statements of the pleader and represent the legal conclusions to which no response is required. To the extent that paragraph seventy-seven does contain factual allegations, the District denies said allegations and demands strict proof thereof at trial.

78.        The allegations asserted in paragraph seventy-eight of the Complaint are statements of the pleader and represent the legal conclusions to which no response is required. To the extent that paragraph seventy-eight does contain factual allegations, the District denies said allegations and demands strict proof thereof at trial.

79.        The allegations asserted in paragraph seventy-nine of the Complaint are statements of the pleader and represent the legal conclusions to which no response is required. To the extent that paragraph seventy-nine does contain factual allegations, the District denies said allegations and demands strict proof thereof at trial.

## COUNT II

80.        The Defendant incorporates by reference its responses to paragraphs one to seventy-nine of the Complaint.

81.        The allegations asserted in paragraph eighty-one of the Complaint are statements of the pleader and represent the legal conclusions to which no response is required.  To the extent that paragraph eighty-one does contain factual allegations, the District denies said allegations and demands strict proof thereof at trial.

82.        The allegations asserted in paragraph eighty-one of the Complaint are statements of the pleader and represent the legal conclusions to which no response is required.  To the extent that paragraph eighty does contain factual allegations, the District denies said allegations and demands strict proof thereof at trial.

83.        The allegations asserted in paragraph eighty-three of the Complaint are statements of the pleader and represent the legal conclusions to which no response is required.  To the extent that paragraph eighty-three does contain factual allegations, the District denies said allegations and demands strict proof thereof at trial.

84.        The allegations asserted in paragraph eighty-four of the Complaint are statements of the pleader and represent the legal conclusions to which no response is required.  To the extent that paragraph eighty-four does contain factual allegations, the District denies said allegations and demands strict proof thereof at trial.

85.        The allegations asserted in paragraph eighty-five of the Complaint are statements of the pleader and represent the legal conclusions to which no response is required.  To the extent that paragraph eighty-five does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

## COUNT III

86.        The Defendant incorporates by reference its responses to paragraphs one to eighty-five of

the Complaint.

87.        The allegations asserted in paragraph eighty-seven of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph eighty-seven does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

88.        The allegations asserted in paragraph eighty-eight of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph eighty-eight does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

89.        The allegations asserted in paragraph eighty-nine of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph eighty-nine does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

90.        The allegations asserted in paragraph ninety of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph ninety does contain factual allegations, the District denies said allegations and demands

strict proof thereof at trial.

91.        The allegations asserted in paragraph ninety-one of the Complaint are statements of the

pleader and represent the legal conclusions to which no response is required.  To the extent that

paragraph ninety-one does contain factual allegations, the District denies said allegations and

demands strict proof thereof at trial.

## **RELIEF SOUGHT**

92.        The District incorporates by reference its responses to paragraphs one to ninety-one of

the Complaint.

93.        Paragraph ninety-three of the Complaint consists of a prayer for relief, to which no

response is required.

94.        Paragraph ninety-four of the Complaint consists of a prayer for relief, to which no

response is required.

95.        Paragraph ninety-five of the Complaint consists of a prayer for relief, to which no

response is required.

96.        Paragraph ninety-six of the Complaint consists of a prayer for relief, to which no response

is required.

97.        Paragraph ninety-seven of the Complaint consists of a prayer for relief, to which no

response is required.

## **JURY DEMAND**

98.        Paragraph ninety-eight is a jury demand, to which no response is required.

### **Third Defense**

Plaintiff might have failed to exhaust her administrative remedies and failed to comply with

other mandatory filing requirements.

## Fourth Defense

Plaintiff might have failed to timely file a grievance or otherwise failed to protect herself

from the alleged conduct.

## Fifth Defense

Plaintiff's EEOC/Human Rights claim might not have been filed in a timely fashion.

## Sixth Defense

The complaint might have been filed in an untimely fashion.

## Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or

damages resulted from plaintiff's own willful conduct.

## Eighth Defense

All actions taken by defendant relating to Plaintiff were necessary, reasonable, pursuant to

lawful authority, and based on legitimate, non-discriminatory, and/or non-retaliatory reasons.

## Ninth Defense

Plaintiff would have been subjected to the alleged employment actions even if she had not

engaged in protected activities.

## Tenth Defense

Plaintiff has failed to mitigate any damages that she may have incurred.

## Eleventh Defense

Plaintiff might have failed to meet the applicable statute of limitations.

## Twelfth Defense

Plaintiff might have failed to comply with the mandatory notice provisions of D.C. Code §

12-309.

## Thirteen Defense

Defendant might be protected under the doctrine of Qualified Immunity.

## Fourteenth Defense

Plaintiff might have failed to avail herself of certain internal grievance and/ or reporting

procedures.

## Set-off

Defendant asserts a set-off for all funds and services provided to the plaintiff through

Medicare, Medicaid, public assistance, or other sources.

## JURY DEMAND

Defendant requests a trial by jury.

WHEREFORE, the District prays the Court dismiss the complaint and award it the

expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
HOLLY JOHNSON [476331]

14

Chief, General Litigation Section III

_____/s/_____

NICOLA N. GREY
Assistant Attorney General
*Practicing pursuant to D.C. App. R. 49(c)(4).
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov